UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Doctor's Health Network, Inc.,<br><br>　　　　Plaintiff<br><br>v.<br><br>United States Department of the Treasury,<br><br>　　　　Defendant | Case No. 2:25-cv-02307-CDS-NJK<br><br>**Order Denying Without Prejudice Plaintiff's Motion for a Preliminary Injunction**<br><br>[ECF No. 2] |

　　　　On November 20, 2025, plaintiff Doctor's Health Network initiated this action by filing a motion for a preliminary injunction seeking to stay the U.S. Treasury Department's garnishment of Medicare reimbursements. Mot. prelim. inj., ECF No. 2. The plaintiff filed its complaint the following day. Compl., ECF No. 4. To date, neither the complaint nor the motion for preliminary injunction have been properly served. As a result, as explained herein, the motion for a preliminary injunction is denied without prejudice.

I.　Discussion

　　　　"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Fraihat v. U.S. Immigration & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (quoting *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted)). To obtain an injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The Ninth Circuit uses a "sliding scale approach to preliminary injunctions." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under that approach, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of

a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Fraihat*, 16 F.4th at 636 (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135) (citation modified).

Although the motion addresses the *Winter* factors, I deny it for several reasons. First, the complaint has not been properly served on the defendant. Pursuant to Federal Rule of Civil Procedure 4(m), a plaintiff must serve a defendant with a summons and copy of the complaint "within 90 days after the complaint is filed[.]" Though the 90-day period has not run yet, because plaintiff is suing the U.S. Treasury, service must be effectuated in accordance with Federal Rule of Civil Procedure 4(i). If a defendant is not served in accordance with Rule 4, there is no personal jurisdiction. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (citing *Beecher v. Wallace*, 381 F.2d 372 (9th Cir. 1967)).

> Rule 4(i) provides that in order "[t]o serve the United States, a party must:
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer."

Fed. R. Civ. P. 4(i)(1).

The plaintiff's certificate of service indicates that a "copy of the Complaint, Summons, Motion for Preliminary Injunction and Declaration of Mark A. Cole in Support of Motion for Preliminary Injunction" was mailed via the U.S. Postal Service to the "Civil Process Clerk, US Attorney's Office, 501 Las Vegas Boulevard South, Suite 100, Las Vegas, NV 89101," the "United State[s] Attorney, Department of Justice, 950 Pennsylvania Avenue, Washington, DC 20530," and "US Department of the Treasury, 1500 Pennsylvania Avenue NW, Washington DC 20220."

*See* Cert. of serv., ECF No. 7. The certificate indicates the copy was incorrectly mailed to the wrong U.S. Attorney's Office suite number. *See* www.justice.gov/usao-nv (last accessed Dec. 8, 2025) (identifying the address as "501 Las Vegas Boulevard South, Suite 1100, Las Vegas, NV 89101"). Further, Rule 4(i) requires that a copy of the summons and complaint *be delivered* to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk. Fed. R. Civ. P. 4(i)(1) (emphasis added). In the alternative, the plaintiff can "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." *Id.* at (ii). Per the certificate of service, the pleadings were sent via regular U.S. mail, not certified or registered. And the certificate of service indicates the pleadings were mailed to the "US Attorney" at the Department of Justice, not the Attorney General as required. Again, they were mailed via regular mail, not certified or registered. Thus, service is improper, and the motion must be denied.

Finally, because the motion has not been served, it is effectively an ex parte request for injunctive relief. "The opportunities for legitimate ex parte applications are extremely limited." *Lum v. Mercedes-Benz USA*, LLC, 2012 WL 13012454, at *1 (C.D. Cal. Jan. 5, 2012) (citation omitted). In order to justify ex parte relief, the moving party must: (1) set forth evidence "show[ing] that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "establish[] that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Plaintiff has not satisfied its burden to prove ex parte relief is warranted here. *See id.* (ex parte applications are solely for extraordinary relief and are rarely granted). Consequently, the plaintiff's motion for a preliminary injunction is denied.

II.     Conclusion

IT IS HEREBY ORDERED that the plaintiff's motion for a preliminary injunction [ECF No. 2] is DENIED without prejudice.

Dated: December 9, 2025

_____
Cristina D. Silva
United States District Judge